

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

October 20, 1954

Hon. Robert S. Calvert          Opinion No. S-144
Comptroller of Public Accounts
Capitol Station                 Re: Construction of Article 7047b, V.C.S.
Austin, Texas                       (the gas production tax) since its
                                    amendment by Acts 1954, 53rd Leg.,
Dear Mr. Calvert:                   1st C. S., p. 3, ch. 2, Article 1.

Your letter requesting our opinion relative to the captioned matter reads, in part, as follows:

"Sub-Section 3 of Section 1 (1) of Article 7047b, V.C.S. as amended effective September 1, 1954, reads as follows:

"'All condensate recovered from gas shall be taxed at the same rate as oil and shall be valued for the purpose of computing the tax due thereon at the prevailing market price for condensate in the general area where the same is recovered. The term "condensate" shall include all liquid hydrocarbons that are or can be recovered from gas by means of a separator but shall not include any liquid hydrocarbons which can only be recovered from gas by refrigeration or absorption and separated by a fractionating process.

"'Where additional liquid hydrocarbons other than condensate are recovered from gas the taxable value of such additional liquid hydrocarbons shall be determined by deducting from the total receipts of the producer for all liquid hydrocarbons recovered from his gas the taxable value assigned to the condensate and the applicable rate set forth in sub-section (1) of this Section 1 (1), shall be applied to the difference to determine the tax due hereunder on such additional liquid hydrocarbons.'

". . .

"A number of questions have arisen in connection with the amendment which I submit for your opinion.

Question No. 1

"Substantial quantities of gas are sold by the
producer to the purchaser under contracts provid-
ing that the producer receives payment for his gas
based on a percentage of the liquids extracted by a
plant, plus all or some portion of the value of the
residue gas sold. Where the producer sells his gas
on this basis, is he entitled under the law as amended,
to calculate the quantity of condensate that could have
been recovered by a separator and pay tax on such
condensate at the oil rate even though his contract
does not refer to the sale of condensate?

". . .

Question No. 2

"If the producer is entitled to determine the
amount of condensate that could have been recovered
by a separator should the tax be paid at the oil rate,
based on 100% of the prevailing area price for con-
densate, or should he pay the tax at the oil rate based
on the percentage of products mentioned in his contract
with the purchaser?"

Question No. 3

"It is my understanding that when condensate is
recovered by separators and run to lease tanks that
some of the light ends are lost. These light ends are
captured where the full gas stream is processed through
a processing plant. In those cases where the producer
is entitled to pay tax at the oil rate on the condensate
which could have been recovered through a separator,
should the tax be based on the greatest volume of con-
densate per the test, or should it be based on the
quantity of condensate that would have normally been
recovered through a separator and run to lease tanks?

"The third paragraph of Sub-section 'c' of Section
1 (1) of Article 7047b, V.C.S. reads in part as follows:

"'Provided, however, that the amount of tax
on sweet and sour gas shall never be less
than 121/1500 of One Cent (1¢) per thousand
(1000) cubic feet.'

"Prior to the September 1, 1954 amendment this part of the law read as follows: :

"'Provided that the amount of such tax on sweet and sour natural gas shall never be less than 121/1500 of One Cent (1¢) per thousand (1000) cubic feet.'"

## Question No. 4

"Sub-section (2) of Section 1 (1) of Article 7047b, V.C.S. provides that where gas is processed for its liquid hydrocarbon content and the residue gas returned by cycling methods to a gas producing formation that the taxable value of such gas shall be 3/5ths of the gross value of all liquids extracted, separated and saved from such gas, such value to be determined upon separation and extraction and prior to absorption, refining or processing such hydrocarbons.

"Please advise me whether or not Sub-section (3) applies to that part of Sub-section (2) relating to cycled gas, if so, is the tax to be paid at the oil rate on the condensate that could have been recovered, based on 100% of the area price, or is the tax to apply on 3/5ths of the area price for condensate?"

## Question No. 5

"Please advise me if the omission of the word 'Natural' in the amended law means that the minimum value will apply to casinghead gas as well as natural gas."

For clarity, we have numbered your questions from 1 to 5.

Subsection 3 of Section 1 (1) of Article 7047b, V.C.S., before its amendment by the 53rd Legislature, read as follows:

"All liquid hydrocarbons that are recovered from gas by means of a separator or by other non-mechanical methods, incidental to the production of said gas, shall be taxed at the same rate as oil." (1953 amendment)

As amended, said subsection 3 now reads as quoted on Page 1 of this opinion.

Condensate can be recovered from gas (that is, separated from the gas) by a separator, which is a non-mechanical process, and

by processing plants (including cycling plants), which are mechanical processes. Separators can be installed at the well and the condensate recovered therein and run into lease tanks and sold as crude oil. Such a recovery in our opinion would be a recovery incidental to the production of the gas. However, if the condensate is not separated upon the lease by a separator, but is run to a processing plant, which is located at various distances from the lease and there separated, along with the other liquefiable hydrocarbons, such recovery of the condensate could be construed to be a recovery incidental to the processing of the gas and not to the production thereof. (See Att'y Gen. Opinion No. V-879). By the amendment, it is evident to us that the Legislature intended in all events where the condensate was actually separated from the gas that the condensate value should only be taxed at the lower oil rate. Of course if condensate is never separated from the stream of wet gas, the tax upon the market value of the wet gas will be computed at the gas rate.

Your Question No. 1 is, therefore, answered in the affirmative.

You will note that Subsection 3 of Section 1 (1) of Article 7047b, V.C.S., as amended by the 53rd Legislature, states that "all condensate recovered from gas shall be taxed at the same rate as oil. ..."

Your Question No. 2 is answered as follows:

The oil rate should be applied to 100% of the market value of the condensate recovered from the gas.

We will now consider your question which we have designated No. 3.

As provided in Section 1 (1) of the statute, the tax is levied upon gas that is produced and saved. If the condensate is recovered by a separator, the light ends you referred to are not saved in that they evaporate into the atmosphere. The tax should be calculated only upon the market value of the saved condensate. If the condensate is recovered in a processing plant these light ends are saved, that is, they are not lost by evaporation. In such event the tax should be based upon the actual volume of the condensate, including the light ends, as reflected by the testing apparatus.

We will now consider your Question No. 4.

Subsection (2) of Section 1 (1) of Article 7047b, V.C.S., provides, in part, as follows:

". . . provided that notwithstanding any other provision herein to the contrary, where gas is processed for its liquid hydrocarbon content and the residue gas is returned by cycling methods, as distinguished from repressuring or pressure maintenance methods, to some gas producing formation, the taxable value of such gas shall be three-fifths

(3/5) of the gross value of all liquids extracted, separated and saved from such gas, such value to be determined upon separation and extraction and prior to absorption, refining or processing of such hydro-carbons and the quantity of the products shall be measured by the total yield of the processing plant from such gas."

Although the quoted portion of subsection (2) states that "the taxable value of such gas shall be three-fifths (3/5) of the gross value of all liquids extracted, . . ." it is clear to us that only the extracted liquids are taxed, in that the residue gas is returned to some gas producing formation and is not saved within the meaning of this taxing statute. In cycling operations the same gas may be reproduced numerous times. The residue gas is practically dry when re-injected into the formation and will upon its reproduction return as wet gas, that is, gas that contails liquefiable hydrocarbons. If the statute in fact taxes the gas as distinguished from the liquefiable hydrocarbons, then upon a re-production of this residue gas which returns laden with liquefiable hydro-carbons, the gas having already been taxed, the liquefiable hydrocarbons recovered from the reproduction of the gas would escape taxation. The Legislature could not have intended such an absurd result. In cycling operations condensate is recovered from gas, and as stated above the condensate is being taxed and not the gas. Therefore, the oil rate will apply and not the gas rate. The taxable value of the condensate, accord-ing to the statute, shall be three-fifths of the gross value of such conden-sate.

Article 7047b in Subdivision (5) of Section 2 thereof recognizes a distinction between natural and casinghead gas. Prior to the amend-ment by the 53rd Legislature, the statute provided that the amount of tax on sweet and sour natural gas shall never be less than 121/1500 of one cent (1¢) per thousand (1000) cubic feet. The amendment omitted the word natural. Section 2 (5) of Article 7047b defines the term "sweet gas" to mean "all natural gas except sour gas and casinghead gas." Section 2 (7) of this statute defines the term "sour gas" to mean "any natural gas containing . . ."

Since the definitions for the terms "sweet gas" and "sour gas" themselves limit these terms to natural gas, the omission of the word "natural" does not subject casinghead gas to the minimum value, provided in Section 1 (1) of Article 7047b.

## SUMMARY

In all instances where condensate is separated from produced gas, 100% of the condensate value should be taxed at the oil rate. If the condensate is never separated

Hon. Robert S. Calvert, page 6 (S-144)

from the gas, the value of the wet gas should be taxed at the gas rate.

The tax on condensate is only levied upon the condensate that is produced and saved. If a portion of the condensate, that is the light ends, is lost by evaporation, such condensate is not saved and is not taxable.

In cycling operations, only the extracted liquids are taxable and the residue gas which is returned to a gas formation is not taxable. The condensate recovered is taxable at the oil rate. The taxable value of condensate recovered in cycling operations is three-fifths of the gross value of such condensate.

The omission of the word "natural" in the 1954 amendment of Section 1 (1)c of Article 7047b does not subject casinghead gas to the minimum value as set out in Section 1 (1) of Article 7047b, V.C.S.

WVG:hp

APPROVED:

Phillip Robinson
Reviewer

Mary K. Wall
Reviewer

Robert S. Trotti
First Assistant

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By W. V. Geppert
W. V. Geppert
Assistant